# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HHS RIF REGULATION REVIEW CONSOLIDATION,<br>        Petitioners, | DOCKET NUMBER<br>CF-1205-26-0122-U-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT,<br>        Agency, | DATE:  July 23, 2026 |
| and | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>        Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra D'Agostino, Esquire, Joanna Friedman, Esquire,
   Ricardo Pitts-Wiley, Esquire, and Heather White, Esquire,
   for the Petitioners.

Susan M. Andorfer, Esquire, and Jennifer Smith, Esquire,
   Washington, D.C., for the Department of Health and Human Services.

D. Black, Esquire, Michele Bloom, Esquire, Eyana Esters, Esquire, and
   Allison Kidd-Miller, Esquire, Washington, D.C.,
   for the Office of Personnel Management.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The petitioners, employees separated from the Department of Health and Human Services (HHS) via a Reduction in Force (RIF), request that the Board review under 5 U.S.C. § 1204(f) whether HHS invalidly implemented the Office of Personnel Management (OPM) RIF regulations at 5 C.F.R. part 351 when HHS separated the petitioners and thousands of other employees on or after April 1, 2025.[2] We have consolidated the petitioners' requests under MSPB Docket No.

---

[2] The petitioners' representatives submitted 13 requests for regulation review on behalf of various groups of HHS employees who received RIF notices. *Interested RIF Employees - HHS v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0031-U-1; *Interested RIF Employees - HHS II v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0036-U-1; *Interested RIF Employees - HHS III v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0037-U-1; *Interested RIF Employees - HHS IV v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0038-U-1; *Interested RIF Employees - HHS V v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0039-U-1; *Interested RIF Employees - HHS VI v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0040-U-1; *Interested RIF Employees - HHS VII v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0041-U-1; *Interested RIF Employees - HHS VIII v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0042-U-1; *Interested RIF Employees - HHS IX v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0043-U-1; *Interested RIF Employees - HHS X v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0044-U-1; *Interested RIF Employees - HHS XI v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0045-U-1; *Interested RIF Employees - HHS XII v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0046-U-1; and *Interested RIF Employees - HHS XIII v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0047-U-1.

CF-1205-26-0122-U-1 because we have determined that doing so will expedite their processing and not adversely affect the interests of the parties. 5 C.F.R. § 1201.36(a)(1). For the reasons discussed below, we DENY the request for regulation review.

## BACKGROUND

On or about April 1, 2025, as part of a "dramatic restructuring" in accordance with President Trump's Executive Order to reduce the size of the Federal workforce, HHS issued RIF notices to thousands of employees across its various subagencies informing them that they would be separated from Federal service, effective June 2, 2025.[3] *Interested RIF Employees - HHS*, MSPB Docket No. CB-1205-25-0031-U-1, Regulation Review File (RRF), Tab 1 at 8-9, 39-68.[4] In response, the petitioners filed the instant requests for regulation review, arguing that HHS invalidly implemented OPM regulations governing RIFs under 5 C.F.R. part 351. *Id.* at 7.

According to the petitioners, HHS issued RIF notices to them and thousands of other employees in violation of the referenced RIF regulations because HHS failed to do the following:  1) accurately determine the retention standing of each competing employee; 2) accurately establish competitive areas in which employees compete for retention; 3) use correct personnel records to determine individual employee retention standing; or 4) acknowledge that numerous transfers of functions would occur, which would entitle the employees identified with those functions to transfer with their work. RRF, Tab 1 at 7, 14-20. The petitioners

---

[3] Due to litigation, the petitioners assert that HHS did not begin separating employees pursuant to these notices until July 14, 2025. CAF, Tab C-11 at 5. According to HHS, as a result of a preliminary injunction, some employees who received RIF notices on April 1, 2025, have not yet been separated, and some RIF notices have been rescinded. CAF, Tab C-8 at 5 n.1.

[4] For ease of reference we cite solely to one of the 13 appeals, *Interested RIF Employees - HHS*, MSPB Docket No. CB-1205-25-0031-U-1, though substantially the same allegations are made in all 13 individual appeals.

further contend that, as to some of the petitioners, HHS failed to provide a copy of the retention register pursuant to 5 C.F.R. § 351.505(c). *Id.* at 7. The petitioners argue that HHS's failure to comply with the RIF Regulations constitutes a prohibited personnel practice in violation of 5 U.S.C. § 2302(b)(4), (12).[5] *Id.* at 8.

In their oppositions to the petitioners' request for regulation review, OPM and HHS argue that the request should be dismissed because it fails to meet the Board's prudential criteria for review. *HHS RIF Regulation Review Consolidation v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CF-1205-26-0122-U-1, Consolidation Appeal File (CAF), Tabs C-7, C-8. OPM also argues that the request should be dismissed for lack of jurisdiction because it fails to describe why HHS's actions would require the commission of a prohibited personnel practice. CAF, Tab C-7 at 4, 7. Lastly, OPM asserts that enforcement of regulations is outside the scope of a regulation review request and contends that the petitioners' arguments are more appropriately reserved for the Board's appeal process. *Id.* at 8-9.

## ANALYSIS

Under 5 U.S.C. § 1204(f), the Board has original jurisdiction to review rules and regulations issued by OPM and to declare such provisions invalid on their face or invalidly implemented by any agency. *Tabradillo v. Office of Personnel Management*, 93 M.S.P.R. 257, ¶ 3 (2003). When an "interested person" requests review of a regulatory provision, the Board will declare a regulation "invalidly

---

[5] Under 5 U.S.C. § 2302(b)(4), it is a prohibited personnel practice to "deceive or willfully obstruct any person with respect to such person's right to compete for employment." Under 5 U.S.C. § 2302(b)(12), it is a prohibited personnel practice to take personnel action that violates a law, rule, or regulation implementing, or directly concerning, a merit system principle. According to the petitioners, the RIF regulations at part 351 are regulations that directly concern the merit system principles, including 5 U.S.C. § 2301(b)(5) (providing that "[t]he Federal work force should be used efficiently and effectively") and 5 U.S.C. § 2301(b)(8)(A) (providing that employees should be "protected against arbitrary action, personal favoritism, or coercion for partisan political purposes"). RRF, Tab 1 at 28-29.

implemented by any agency, if the Board determines that such provision, as it has been implemented by the agency through any personnel action taken by the agency or through any policy adopted by the agency in conformity with such provision, has required any employee to violate section 2302(b)." 5 U.S.C. § 1204(f)(2)(B). The Board will conduct such review "in its sole discretion." 5 U.S.C. § 1204(f)(1)(B). In deciding whether to exercise its discretion, the Board considers among other things, the likelihood that the issue will be timely reached through ordinary channels of appeal and the availability of other equivalent remedies. *McDiarmid v. U.S. Fish and Wildlife Service*, 19 M.S.P.R. 347, 349 (1984).

The term "interested person" has not been defined in the statute, or in the relevant regulations. *Jones v. Office of Personnel Management*, 107 M.S.P.R. 115, ¶ 8 (2007); 5 C.F.R. §§ 1203.1-.1203.22. However, the Board has interpreted the plain meaning of that term to signify that the petitioning person must have an interest in having the Board review the regulation or rule in question because it has some applicability to him or her. *Jones*, 107 M.S.P.R. 115, ¶ 8. The question of whether a petitioner is an "interested person" is a "standing" issue. *Id.*, ¶ 9 (citing *Senior Executives Ass'n v. Office of Personnel Management*, 67 M.S.P.R. 643, 648 (1995)). In its response to the petitioners' request for regulation review, HHS asserted that some employees in certain agency components were not separated due to a preliminary injunction granting a stay and that, since April 1, 2025, some of the petitioners have been notified that their RIF notices have been rescinded. CAF, Tab C-8 at 5 n.1. HHS did not specify which of the petitioners have or have not been separated via RIF. The petitioners contend that HHS has not rescinded RIF notices issued to any interested person. RRF, Tab 1 at 13. Regardless, because we deny the petition on another basis, we find it unnecessary to decide whether the petitioners are "interested persons." *See Thoms v. Office of Personnel Management*, 103 M.S.P.R. 652, 654 n.2 (2006).

We find that the likelihood that the issue will be timely reached through ordinary channels of appeal and the availability of other equivalent remedies

strongly counsel against exercising the Board's review authority. The Board has long held that regulation review should not be granted when there are ordinary channels through which the petitioners may present their claims and receive an adequate remedy. *See Cole v. Office of Personnel Management*, 71 M.S.P.R. 70, 73 (1996) (finding that regulation review is inappropriate when an adequate remedy would be available through ordinary channels), *aff'd*, 108 F.3d 1394 (Fed. Cir. 1997) (Table); *In re Implementation of 5 C.F.R. part 430 by the Social Security Administration*, 35 M.S.P.R. 146, 147-48 (1987) (explaining that regulation review is inappropriate when ordinary channels are available because, among other things, "the breadth and finality" of the regulation review relief counsels against sweeping rulings in abstract cases and fully developed adversarial records in traditional appeals better inform the Board's decision-making); *National Council of Field Assessment Locals v. Department of Health and Human Services*, *Social Security Administration*, 31 M.S.P.R. 590, 591 (1986).

Here, the petitioners could have pursued their claims through ordinary channels of appeal and received equivalent remedies. Specifically, the petitioners' claim that HHS terminated them via a RIF without complying with the procedures in 5 C.F.R. part 351 may be raised in a RIF appeal to the Board under 5 C.F.R. § 351.901.[6] Indeed, some of the petitioners have RIF appeals pending before the Board. *See, e.g.*, *HHS RIF HRSA OO Consolidation v. Department of Health and Human Services*, MSPB Docket No. CF-0351-26-0062-I-1; *HHS RIF FDA OII*

---

[6] Some of the petitioners also contend that their separations violated the Constitutional Separation of Powers and the Impoundment Control Act of 1974 (ICA) because they were separated from positions that were part of essential programs authorized by Congress for which the Trump administration did not seek Congressional deferments as required by the ICA. *Interested RIF Employees - HHS VII v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0041-U-1, RRF, Tab 1 at 30-32. However, the Board's jurisdiction under 5 U.S.C. § 1204(f) does not provide it with authority to address all objections to the legality of OPM's regulations; rather, it is limited to protecting the merit system from enumerated prohibited personnel practices. *See Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15, ¶ 9 (2012).

*Consolidation v. Department of Health and Human Services*, MSPB Docket No. CF-0351-26-0088-I-1; *HHS RIF CVM Consolidation v. Department of Health and Human Services*, MSPB Docket No. CF-0351-26-0078-I-1. The petitioners acknowledge that several employees separated by HHS filed individual RIF appeals. CAF, Tab C-11 at 5-6.

The petitioners contend that the Board is unlikely to reach these issues through ordinary channels of appeal because the volume of appeals has precluded administrative judges from processing the appeals within the usual 120-day timeframe, and the Board has not certified any class appeals challenging HHS's RIFs. *Id.* at 6. Such arguments, however, fail to show that the petitioners lack recourse through ordinary channels of appeal. *Cf. Kirkendall v. Office of Personnel Management*, 97 M.S.P.R. 86, 90 (2004) (denying regulation review because ordinary appellate channels were available for the petitioner's concerns "[r]egardless of the outcome of the petitioner's appeals"). Finally, the petitioners also contend that most of the petitioners who are part of the bargaining unit lack an alternative channel of appeal because they are precluded from filing a RIF appeal with the Board. CAF, Tab C-11 at 7. The petitioners provide no evidence that any petitioner lacks Board RIF appeal rights and they do not cite to or provide the applicable collective bargaining agreement. Additionally, the petitioners' RIF separation notices all provide for Board appeal rights. *See, e.g.*, RRF, Tab 1 at 44-70. Regardless, even assuming some of the petitioners are covered by a collective bargaining agreement that does not provide for Board appeal rights for RIFs, the petitioners would nonetheless have adequate remedies via the negotiated grievance procedures. *See Cooper v. Department of Defense*, 98 M.S.P.R. 313, ¶ 7 (2005) (citing 5 U.S.C. § 7121(d), (g)) (explaining that for an appellant covered by a "collective bargaining agreement that does not specifically exclude RIF actions, the negotiated grievance procedures set forth in the agreement are the exclusive procedures for resolving RIF actions that would otherwise be appealable to the

Board, except where the appellant claims discrimination or alleges another prohibited personnel practice").

Regarding remedies, in their request for regulation review, the petitioners seek to reverse the alleged invalid implementation of the RIFs through corrective action, including cancellation of the separations, reinstatement, backpay, and attorney fees, as well as removal of references to the RIFs from the petitioners' personnel records. RRF, Tab 1 at 29. Equivalent remedies are available to the petitioners should they prevail in a RIF appeal under 5 C.F.R. § 351.901. *See, e.g.,* *Metger v. Department of the Navy*, 68 M.S.P.R. 225, 229-30 (1995) (reversing a RIF separation; ordering the agency to cancel the appellant's RIF separation, restore him to his former position, and pay him the appropriate amount of backpay and interest; and notifying him of his right to seek attorney's fees). Accordingly, we find that the petitioners' claims can be reached through ordinary channels of appeal and that regulation review under these circumstances would be inappropriate. *See Blount v. Office of Personnel Management*, 87 M.S.P.R. 87, ¶ 4 (2000); *see also Cole*, 71 M.S.P.R. at 73.

## ORDER

The petitioners' request for regulation review is denied. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(a) (5 C.F.R. § 1203.12(a)).

FOR THE BOARD:

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.